IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WICK COMCOR CORPORATION,

      Plaintiff,

    vs.                                      No. CIV 99-1061 JC/KBM - ACE

JOURNAL PUBLISHING COMPANY,
NEW MEXICO STATE TRIBUNE COMPANY,
ALBUQUERQUE PUBLISHING COMPANY,
and APC COMPANY, a New Mexico General
Partnership doing business as ALBUQUERQUE
PUBLISHING COMPANY,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Plaintiff's Motion for Leave to File a Second Amended Complaint, filed July 17, 2000 *(Doc. 62)*. The Court has reviewed the motion, the memoranda submitted by the parties, and the relevant authorities. The Court finds that Plaintiff's Motion for Leave to File a Second Amended Complaint is well taken and will be granted.

**I.**      **Factual Background**

In January 1999, Plaintiff Wick Comcor purchased a small daily newspaper, The East Mountain Telegraph. In August 1999, Defendants Journal Publishing, *et al*. began delivering copies of a publication entitled the Mountain View Journal to its subscribers in the East Mountain area by including it along with the Albuquerque Journal at no additional charge. Plaintiff filed suit on September 22, 1999, alleging violations of both federal and state anti-trust laws.

Plaintiff filed the First Amended Complaint shortly after the original, containing only minor corrections. *See* First Amended Complaint, filed Oct. 29, 1999 *(Doc. 10).* Plaintiff now seeks leave to amend its complaint once more, both to include new allegations, and to clarify allegations presented in the earlier complaint.

II.  **Analysis**

    A.  **Standard**

The Federal Rules of Civil Procedure provide that a court should freely grant leave to amend a complaint when justice so requires. FED. R. CIV. P. 15(a). *See also Yapp v. Excel Corp.*, 186 F.3d 1222 (10th Cir. 1999). The district court should deny leave to amend only when it finds "undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U S West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). The decision to grant leave to amend the pleadings will not be disturbed absent abuse of discretion. *See Gillette v. Tansy*, 17 F.3d 308, 312 (10th Cir.1994). An abuse of discretion may be found only when the district court has made an "arbitrary, capricious, whimsical, or manifestly unreasonable judgment." *FDIC v. Oldenburg*, 34 F.3d 1529, 1555 (10th Cir.1994).

    B.  **Discussion**

In the present case, Defendants have failed to show undue prejudice. While it is true that granting of leave to amend will require revision of the Defendant's Motion to Dismiss, this does not constitute an undue burden in this case. The proposed Second Amended Complaint is substantially similar to the earlier versions. For the most part, it simply refines and clarifies Plaintiff's arguments. The major differences are organizational, rather than in content. Defendants do not argue that any

depositions or other discovery will need to be redone as the result of the proposed amended complaint. Minimal additional effort should be required on the part of Defendants to respond to the changes.

For similar reasons, Defendants' charges of undue delay or dilatory motive are also unconvincing. Defendants have asked for and received several extensions of time in this case, while in contrast Plaintiff has so far been timely with its responses to the Court. In addition, more than a year and a half has passed since the filing of the original complaint, and this case is still in the early stages of discovery. Under these circumstances, allowing amendment would not postpone resolution of this case to such an extent that it could be considered undue delay.

Additionally, Defendants contend that some claims in the proposed amended complaint are not well stated, and that some facts contained within it are not accurate. However, these are not reasons to deny leave to amend. Defendants also disagree with the Plaintiff's characterization of the relevant newspaper market and otherwise disagree with the merits of the claims put forth by the Plaintiff. Again, these are issues better addressed in a motion for summary judgment. In sum, Defendant has failed to demonstrate that Plaintiff's motion is based on grounds which would justify this Court's denying leave to amend.

For the foregoing reasons, Plaintiff's Motion for Leave to File a Second Amended Complaint will be granted.

Wherefore,

**IT IS ORDERED** that Plaintiff's Motion for Leave to File a Second Amended Complaint *(Doc. 62)* be, and hereby is, **granted**.

DATED this February 14, 2001.

_____
UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Counsel for Plaintiff: | Marshall G. Martin, Esq. |
| | Thomas J. McBride, Esq. |
| | HINKLE, HENSLEY, SHANOR & MARTIN, L.L.P. |
| | Albuquerque, New Mexico |
| Counsel for Defendant: | William S. Dixon, Esq. |
| | RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A. |
| | Albuquerque, New Mexico |